CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 05 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| AMANDA J. DUDLEY, | ) |
| | ) Civil Action No. 5:10cv00019 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Samuel G. Wilson |
| Commissioner of Social Security, | ) United States District Court |
| | ) |
| Defendant. | ) |

This is an action by plaintiff, Amanda J. Dudley ("Dudley"), a Social Security disability claimant, brought pursuant to 42 U.S.C. § 405(g), seeking review of the denial of her disability benefits by the defendant, the Commissioner of Social Security ("Commissioner"). The Commissioner has moved to dismiss Dudley's complaint pursuant to FED. R. CIV. PRO. 12(b)(1) on the ground that since there has been no "final decision" on the merits of Dudley's disability claim, this court lacks subject matter jurisdiction. Dudley has not filed a response to the Commissioner's motion, and the court concludes that there is no reviewable "final decision" within the meaning of the Social Security Act, 42 U.S.C. § 401-33 (1976 & Supp. 1981) (the "Act"). Accordingly, the court grants the Commissioner's motion to dismiss.

I.

Dudley filed an application for supplemental security income on May 3, 2006. The Commissioner initially denied Dudley's application on November 24, 2006, and again upon reconsideration on June 12, 2007. Dudley then filed an untimely written request for a hearing on August 31, 2007. The administrative law judge ("ALJ") issued an Order of Dismissal, explaining that Dudley had not established good cause for missing the deadline to request a

hearing. In response, Dudley filed a request for review with the Appeals Council, which the Appeals Council denied. Dudley then filed this action, and the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction. Dudley has not responded.

## II.

The Commissioner argues there has been no "final decision" within the meaning of the Act, and therefore, this court lacks subject matter jurisdiction. The court agrees.

The Act contains "a comprehensive plan for administrative and judicial review of claims for disability benefits," Sullivan v. Heckler, 602 F. Supp. 85, 86 (D. Md. 1985), and 42 U.S.C. § 405(a) grants the Commissioner authority to promulgate regulations to effectuate this plan. Section 405(h) "makes it clear that the [Commissioner's] decisions are not reviewable except as provided in Section [405(g)]," id., which provides that only the Commissioner's "final decisions" that are "made after a hearing to which he was a party" may be reviewed by a district court. Before a decision can be "final," the Commissioner's regulations require claimants to pursue administrative appeal rights. See 20 C.F.R. §§ 404.905, .921. 955, .981. Consequently, claimants must exhaust their administrative remedies before there can be a "final decision."

Here, the Commissioner argues that the ALJ's dismissal of Dudley's untimely request for a hearing and the Appeals Council's denial of Dudley's request for review are not "final decisions made after a hearing" within the meaning of 42 U.S.C. § 405(g) of the Act, because she did not exhaust her administrative remedies, and therefore, this court lacks subject matter jurisdiction. Two regulations promulgated by the Commissioner indicate that there has been no "final decision." 20 C.F.R. §§ 404.959 and 404.972 state respectively that "[t]he dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the

2

Appeals Council," and [t]he dismissal of a request for Appeals Council review is binding and not subject to further review." Accordingly, the ALJ's dismissal of Dudley's untimely request for a hearing and the Appeals Council's denial of Dudley's request for review are not "final decisions made after a hearing" within the meaning of 42 U.S.C. § 405(g) of the Act. See Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980) (Appeals Council's decision denying review of late application not subject to judicial review); Sheehan v. Secretary of HEW, 593 F.2d 323, 326 (8th Cir. 1979) (Appeals Council's decision denying review of late application not subject to judicial review); Sullivan v. Heckler, 602 F. Supp. 85 (D. Md. 1985) (Appeals Council's decision denying review of late application not subject to judicial review); but see Bloodsworth v. Heckler, 703 F.2d 1233, 1236-39 (11th Cir. 1983) (Appeals Council's denial, for reasons of timeliness, was "final" and thus judicially reviewable). Therefore, the court concludes that it lacks subject matter jurisdiction to review the merits of Dudley's disability claim and grants the Commissioner's motion to dismiss.

### III.

For the reasons stated, the court grants the Commissioner's motion to dismiss.

**ENTER:** This 5th day of August 2010.

_____
UNITED STATES DISTRICT JUDGE